U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
MAY 23 2013
LAWRENCE K. BAERMAN, CLERK
ALBANY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

PATRICIA ALFIERI,

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

INDICTMENT

Criminal Action No.
1: 13-CR- 218 (GLS)

Vio:   18 U.S.C. § 1341
26 U.S.C. § 7206(1)
26 U.S.C. § 7212(a)

County of Offense: Schenectady

**THE GRAND JURY CHARGES:**

<u>COUNTS ONE-FIVE</u>
(Mail Fraud)

<u>The Scheme and Artifice to Defraud</u>

1.  From on or about April 22, 2008 through on or about March 17, 2013, in Schenectady County in the Northern District of New York, defendant PATRICIA ALFIERI devised and intended to devise a scheme and artifice to defraud the Internal Revenue Service by submitting fraudulent checks to the Internal Revenue Service to obtain money to which she was not entitled and to obtain money and property be means of material false and fraudulent pretenses and promises.

2.  It was part of the scheme and artifice to defraud that defendant PATRICIA ALFIERI mailed to the Internal Revenue Service checks totaling $3,672,327.00 which were not legitimate in that they were drawn on (a) accounts which did not exist; (b) accounts which were closed; and (c) accounts with insufficient funds.

3.   It was further part of the scheme and artifice to defraud that defendant PATRICIA ALFIERI's federal income taxes due and owing were less than the face value of the checks she submitted to the Internal Revenue Service.

4.   It was further part of the scheme and artifice to defraud that defendant PATRICIA ALFIERI caused the Internal Revenue Service to: (a) mail her four checks totaling $12,327.64 as "overpayments" of the defendant's taxes due and owing; and (b) directly deposit by wire transfer two payments, in the amounts of $5,203.42 and $69,622.93, into an account at H&R Block Bank as "overpayments" of the defendant's taxes due and owing.

5.   It was further part of the scheme and artifice to defraud that defendant Patricia Alfieri caused H&R Block Bank to mail her a check in the amount of $5,123.57.

6.   It was further part of the scheme and artifice to defraud that defendant PATRICIA ALFIERI deposited or cashed the aforementioned checks, totaling $17,451.21, when, as she then well knew, she was not entitled to that money.

7.   For the purpose of executing such scheme and to obtain money and property by means of material false and fraudulent pretenses and representations and attempting to do so, PATRICIA ALFIERI, in Schenectady County in the Northern District of New York, on or about the following dates knowingly caused to be placed, and took and received in a post office and authorized depository for mail certain matters, documents, letters, and mailings to be sent or delivered by the United States Postal Service and/or by any private or commercial interstate carrier, the following checks made payable to defendant PATRICIA ALFIERI to the addresses listed below:

| Count | Date | Matter or Thing | Address |
|---|---|---|---|
| One | 2/13/2009 | A $371.77 check from the Internal Revenue Service | XXXX XXXXXX XXXX Drive, Schenectady, NY 12303 |
| Two | 2/13/2009 | A $1,000.83 check from the Internal Revenue Service | XXXX XXXXXX XXXX Drive, Schenectady, NY 12303 |
| Three | 4/17/2009 | A $9,539.26 check from the Internal Revenue Service | XXXX XXXXXX XXXX Drive, Schenectady, NY 12303 |
| Four | 8/21/2009 | A $5,123.57 check from H&R Block Bank | XXXX XXXXXX XXXX Drive, Schenectady, NY 12303 |
| Five | 2/12/2010 | A $1,415.78 check from the Internal Revenue Service | XXX XXXXXXX Drive, Schenectady, NY 12303 |

All in violation of Title 18, United States Code, Section 1341.

## COUNT SIX
(Obstructing the Internal Revenue Laws)

8. The factual allegations contained in Paragraphs 1 through 7 of this Indictment are realleged and incorporated herein as if copied verbatim.

9. Between on or about April 22, 2008, and on or about March 17, 2013, in Schenectady County in the Northern District of New York, defendant PATRICIA ALFIERI did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by submitting to the Internal Revenue Service checks totaling $3,672,327 which were not legitimate in that they were drawn on (a) accounts which did not exist; (b) accounts which were closed; and (c) accounts with insufficient funds, thereby obtaining from the Internal Revenue Service checks and wire transfers totaling $87,153.99 as "overpayments" to which defendant PATRICIA ALFIERI was not entitled.

In violation of Title 26, United States Code, Section 7212(a).

## COUNT SEVEN
(Making and Subscribing a False Return – Year 2008)

10. On or about February 9, 2009, in the Northern District of New York, defendant PATRICIA ALFIERI willfully made and subscribed to a U.S. Individual Income Tax Return for

3

tax year 2008, which: (a) was prepared in the Northern District of New York; (b) was filed with the Internal Revenue Service; (c) was verified by a written declaration that it was made under the penalties of perjury; and (d) defendant Patricia Alfieri did not believe to be true and correct as to every material matter, to wit, the return: at line 62, reported federal income tax withheld in the amount of $7,652; at Schedule A, line 6, reported paid real estate taxes of $3,674; and at Schedule A, line 10, reported paid home mortgage interest and points in the amount of $21,180 when, as defendant PATRICIA ALIFIERI then well knew, these entries were false and the actual amount of federal income tax withheld was $576.84; the actual amount of paid real estate taxes was zero; and the actual amount of paid home mortgage interest and points was zero.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT EIGHT
(Making and Subscribing a False Return – Year 2009)

11. On or about January 25, 2010, in the Northern District of New York, defendant PATRICIA ALFIERI willfully made and subscribed to a U.S. Individual Income Tax Return for tax year 2009, which: (a) was prepared in the Northern District of New York; (b) was filed with the Internal Revenue Service; (c) was verified by a written declaration that it was made under the penalties of perjury; and (d) defendant Patricia Alfieri did not believe to be true and correct as to every material matter, to wit, the return: at line 62, reported federal income tax withheld in the amount of $9,433; at Schedule A, line 6, reported paid real estate taxes of $4,625; and at Schedule A, line 10, reported paid home mortgage interest and points in the amount of $15,154 when, as defendant PATRICIA ALIFIERI then well knew, these entries were false and the actual amount of federal income tax withheld was $219; the actual amount of paid real estate taxes was zero; and the actual amount of paid home mortgage interest and points was zero.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT NINE
(Making and Subscribing a False Return – Year 2010)

12. On or about January 26, 2011, in the Northern District of New York, defendant PATRICIA ALFIERI willfully made and subscribed to a U.S. Individual Income Tax Return for tax year 2010, which: (a) was prepared in the Northern District of New York; (b) was filed with the Internal Revenue Service; (c) was verified by a written declaration that it was made under the penalties of perjury; and (d) defendant Patricia Alfieri did not believe to be true and correct as to every material matter, to wit, the return: at line 62, reported federal income tax withheld in the amount of $8,451; at Schedule A, line 6, reported paid real estate taxes of $3,892; and at Schedule A, line 10, reported paid home mortgage interest and points in the amount of $17,550 when, as defendant PATRICIA ALIFIERI then well knew, these entries were false and the actual amount of federal income tax withheld was $875.24; the actual amount of paid real estate taxes was zero; and the actual amount of paid home mortgage interest and points was zero.

In violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE ALLEGATION

The allegations contained in Counts One through Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction of the offenses in violation of Title 18, United States Code, Section 1341 set forth in Counts One through Five of this Indictment, the defendant, PATRICIA ALFIERI, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or

personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

A money judgment representing the gross proceeds of the criminal offense charged in Counts One through Five in the amount of $87,153.99.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Dated:   May 24, 2013

                                                                                 ***Name redacted***

                                                    A TRUE BILL,

                                                                                    FOREPERSON

RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York

By:   _____
Jeffrey Carll Coffman
Assistant U.S. Attorney
Bar Roll #517969